IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTTLAND JOHNSON,  :  |  |
|     Plaintiff,  : |  |
| : |  |
| v.  : | CIVIL ACTION NO.  16-3935 |
| : |  |
| DIVERSIFIED CONSULTANTS, INC.,  : |  |
|     Defendant.  : |  |

MEMORANDUM OPINION

RUFE, J.                                                                                                NOVEMBER 28, 2016

Before the Court is the motion for summary judgment of Defendant Diversified Consultants, Inc. (Doc. No. 4), to which Plaintiff has not responded.  For the reasons that follow, the motion is granted.

On July 26, 2016, Plaintiff Scottland Johnson filed suit *pro se* and *in forma pauperis* against Defendant, an entity that collects delinquent debts on behalf of telecommunications companies, alleging two violations of the Fair Credit Reporting Act ("FCRA").[1]  Plaintiff alleges that on June 8, 2015, Defendant pulled Plaintiff's consumer credit report from Transunion, a third-party credit bureau, without his consent.[2]  Plaintiff claims that this constituted willful and negligent non-compliance with the FCRA, which generally prohibits access to a consumer's credit report absent a "permissible purpose," as defined by the statute.[3]

Defendant responded by moving for summary judgment.  Defendant argues that on June 5, 2015, DISH Network, a telecommunications company, placed a debt owed by Plaintiff with Defendant, and that Defendant accessed Plaintiff's credit report in order to collect on that debt.[4]

---

[1] Doc. No. 3 (Complaint).

[2] *Id.* ¶¶ 9-13.  Plaintiff also alleges in passing that Defendant pulled his credit report from Experian, another credit bureau, on the same date, but as explained below, this has no bearing on the Court's analysis.

[3] *Id.* ¶¶ 14-28.

Defendant argues that this is a permissible purpose under the FCRA, and that Plaintiff's claims therefore fail as a matter of law. Although Plaintiff did not respond to Defendant's motion, the Court will consider the motion on the merits and does not grant it as unopposed.

"The underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[5] A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[7] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[9] Further, a court may not weigh the evidence or make credibility determinations.[10] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[11]

Defendant is entitled to summary judgment because Defendant has shown that it accessed Plaintiff's credit report in order to collect on a debt owed by Plaintiff, which is permissible under

---

[4] Doc. No. 4 at 3-5.

[5] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

[6] Fed. R. Civ. P. 56(a).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] *Id.*

[9] *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[10] *Boyle v. Cty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

the FCRA. The FCRA imposes civil liability on any person who willfully or negligently obtains a consumer credit report for a purpose that is not authorized by the statute.[12] "However, the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer . . . and involving the . . . *review or collection of an account of, the consumer*.'"[13] Accordingly, "many courts have held that the collection of a debt is a permissible purpose for seeking a consumer's credit report."[14]

Here, Defendant has submitted an affidavit from its Vice President of Compliance stating that Defendant accessed Plaintiff's credit report as part of its efforts to collect on a debt that Plaintiff owed to DISH Network,[15] which is sufficient to establish that Defendant acted with a permissible purpose under the FCRA, especially in the absence of any contradictory evidence.[16] Accordingly, Defendant's motion will be granted. An appropriate Order follows.

---

[12] *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681b(f), 1681n(a)); 15 U.S.C. § 1681o.

[13] *Huertas*, 641 F.3d at 34 (emphasis in original) (quoting 15 U.S.C. § 1681b(a)(3)(A)).

[14] *Thiessen v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, C.A. No. 14-5520, 2015 WL 3643989, at *2 (E.D. Pa. June 12, 2015) (collecting cases).

[15] *See* Doc. No. 4-2 (Ex. A to Defendant's Motion for Summary Judgment, Affidavit of Mavis-Ann Kohn).

[16] *See Huertas*, 641 F.3d at 34-35 (affirming dismissal of FCRA claim where plaintiff's credit report was accessed as part of an attempt to collect on plaintiff's delinquent accounts); *see also Zieger v. J.A. Cambece Law Office, P.C.*, No. 14-2965, 2015 WL 3647267, at *4 (D.N.J. June 12, 2015) ("The Third Circuit has explicitly found this provision permits a credit reporting agency to furnish a credit report to a debt collector, and that the debt collector's act of obtaining and using the credit report is authorized under the circumstances.") (citing *Huertas*, 641 F.3d at 34).